**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CJS SOLUTIONS GROUP, LLC,
d/b/a The HCI Group,

        Plaintiff,

vs.                                                                     Case No. 3:20-cv-65-J-34JRK

STEPHEN TOKARZ, an individual,
JASON HUCKABAY, an individual,
and ELLIT GROUPS, LLC a Texas
limited liability company,

        Defendants.

_____/

## O R D E R

       **THIS CAUSE** is before the Court on Plaintiffs' Motion for Preliminary Injunction (Doc. 42; Preliminary Injunction Motion) filed on July 16, 2020.  Plaintiff CJS Solutions Group, LLC, d/b/a The HCI Group (HCI) initiated this action on December 19, 2019, by filing its Verified Complaint for Injunctive Relief in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida.  See generally (Doc. 1-1; State Court Complaint).  On January 24, 2020, Defendant Jason Huckabay filed a notice of removal, seeking to remove the case to this Court.  See generally Doc. 1; Notice.  HCI filed a Motion for Emergency Injunctive Relief in this Court on January 27, 2020.  See generally Motion for Emergency Injunctive Relief (Doc. 4; Emergency Motion) (originally filed in state court).  The Court held a telephonic hearing the following day, during which the Court discussed with HCI and Defendant Jason Huckabay[1] (Huckabay) its concerns regarding HCI's Emergency Motion,

---

[1] Defendant Stephen Tokarz (Tokarz) had not yet made an appearance in the case, and Defendant Ellit Groups, LLC was not yet a party to the action.  See Doc. 8; Clerk's Minutes.

and Huckabay's failure to provide sufficient information in the Notice to enable the Court to determine whether it has subject matter jurisdiction over the instant action.  See Clerk's Minutes.  The Court directed Huckabay to file an Amended Notice of Removal.  Id.  Upon review of Huckabay's Amended Notice of Removal with Joinder of Co-Defendant Stephen Tokarz (Doc. 14), filed on February 10, 2020, the Court determined that it has subject matter jurisdiction over this action.  See Doc. 15; Order, entered on February 11, 2020. Concurrently, in accordance with the Court's discussion with the parties at the January 28, 2020 telephonic hearing, the Court denied HCI's Emergency Motion.  See id.; see also Clerk's Minutes.

With leave of Court, HCI filed an amended complaint naming Ellit Groups, LLC (Ellit) as an additional Defendant on May 11, 2020.  See generally First Amended Verified Complaint (Doc. 26; Amended Complaint).  On May 27, 2020, HCI filed an executed Waiver of Service form indicating that Ellit waived service of process.  See Fed. R. Civ. P. 4(D) Waiver of Service of Summons (Doc. 32).

On June 26, 2020, again with leave of Court, HCI filed a second amended complaint. See generally Second Amended Verified Complaint (Doc. 35; Operative Complaint). Defendants Tokarz and Huckabay each answered the Operative Complaint on July 16, 2020.  See Defendant Stephen Tokarz's Answer and Affirmative Defenses to Plaintiff, The CJS Solutions Group, LLC, d/b/a The HCI Group's, Second Amended Verified Complaint (Doc. 36); Defendant Jason Huckabay's Answer and Affirmative Defenses to Plaintiff, The CJS Solutions Group, LLC, d/b/a The HCI Group's, Second Amended Verified Complaint (Doc. 37).  That same day, Defendant Ellit filed a motion to dismiss the Operative

Complaint.   See Defendant Ellit Groups, LLC's Motion to Dismiss Second Amended Verified Complaint (Doc. 39).

Also on July 16, 2020, HCI filed the instant Preliminary Injunction Motion.   Upon review of the Preliminary Injunction Motion, it appears that HCI has generally complied with the procedural requirements of Rule 65, Federal Rules of Civil Procedure (Rule(s)), and Rule 4.06, Local Rules, United States District Court, Middle District of Florida (Local Rule(s)), which govern the procedure for seeking a preliminary injunction.[2]

Upon consideration of the Preliminary Injunction Motion and the record, the undersigned finds that an expedited briefing schedule and hearing are necessary. Accordingly, it is

**ORDERED**:

1. This matter is set for a **HEARING** on Plaintiff's Motion for Preliminary Injunction (Doc. 42) on **Wednesday, August 12, 2020**, at **2:00 p.m.**  The hearing will be held either before the undersigned at the Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida, 32202, in Courtroom 10B, or via Zoom Video Communications.[3]

2. The hearing will be conducted in accordance with Local Rule 4.06, and Rule 65.  The case does not involve the exceptional situation wherein the Court

---

[2]     HCI failed to provide a proposed order on the Preliminary Injunction Motion as required by Local Rule 4.06(b)(1) and 4.05(b)(3)(iii), and is directed to promptly remedy this omission.

[3]     As the date of the August 12, 2020 hearing draws nearer, the Court will determine which of these methods, in-person or via Zoom, is more prudent.  In the event that the hearing is held in person, the Court reminds the parties that all persons entering the Courthouse must present photo identification to Court Security Officers.  Although cell phones, laptop computers, and similar electronic devices generally are not permitted in the building, attorneys may bring those items with them upon presentation to Court Security Officers of a Florida Bar card (presentation of the Duval County Courthouse lawyer identification card will suffice) or Order of special admission pro hac vice.  However, all cell phones must be turned off while in the courtroom.

will allow the parties to submit evidence at the hearing.  <u>See</u> Local Rule 4.06(b).  Thus, the hearing will be limited to the written submissions and arguments of counsel.

3.     The following expedited briefing schedule shall govern this case:

a.     Defendants shall have until **Monday, July 27, 2020**, at **5:00 p.m.** to file a memorandum in opposition to Plaintiff's Motion for Preliminary Injunction (Doc. 42), including any affidavits or declarations on which they rely.

b.     Plaintiff shall have up to and including **Monday, August 3, 2020**, at **5:00 p.m.** to file a reply, if necessary, in support of their motion for preliminary injunction, which shall not exceed **TEN (10) PAGES** in length.

4.     Each party is directed to deliver to the Court a courtesy copy of their respective filings related to the Motion for Preliminary Injunction.

**DONE AND ORDERED** in Jacksonville, Florida, this 20th day of July, 2020.


**MARCIA MORALES HOWARD**
United States District Judge


lc27
Copies to:

Counsel of Record
Pro Se Parties

4