**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CJS SOLUTIONS GROUP, LLC,
d/b/a The HCI Group,

    Plaintiff,

vs.                                              Case No. 3:20-cv-65-MMH-JRK

STEPHEN TOKARZ, an individual,
JASON HUCKABAY, an individual,
and ELLIT GROUPS, LLC, a Texas
limited liability company,

    Defendants.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court on Defendant Ellit Groups, LLC's Motion for Abstention and Supporting Memorandum of Law (Doc. 123; Motion for Abstention) and Defendant Ellit Groups, LLC's Motion for Judicial Notice and Supporting Memorandum of Law (Doc. 124; Request for Judicial Notice), both filed on June 9, 2021. In the Motion for Abstention, Ellit Groups, LLC (Ellit) requests that the Court abstain from exercising jurisdiction over Plaintiff CJS Solutions Group, LLC, d/b/a The HCI Group (HCI)'s claim against Ellit in the action before this Court (this Action) in light of a Texas state court action involving HCI, Ellit, and one other party (the State Action). HCI filed a response to the Motion for Abstention on June 23, 2021. See Plaintiff's

Response in Opposition to Defendant Ellit Groups, LLC's Motion for Abstention (Doc. 128; Response). Accordingly, the Motion for Abstention is ripe for review.

In the Request for Judicial Notice, Ellit asks the Court to take judicial notice of the State Action complaint. After HCI failed to file a timely response to the Request for Judicial Notice, this Court entered an Order directing HCI to do so by July 15, 2021, or the Request for Judicial Notice would be treated as unopposed. See Order (Doc. 134), signed on July 1, 2021. Because HCI failed to file a response, the Court treats the Request for Judicial Notice as unopposed. Finding that the State Action complaint is a public record that is not subject to reasonable dispute, the Court takes judicial notice of the State Action complaint. See Beepot v. J.P. Morgan Chase Nat'l Corp. Servs., Inc., 57 F. Supp. 3d 1358, 1366 (M.D. Fla. 2014), aff'd, 626 F. App'x 935 (11th Cir. 2015).

## I.  Background

HCI initiated this Action on December 19, 2019, by filing its Verified Complaint for Injunctive Relief against Defendants Stephen Tokarz and Jason Huckabay in state court. See generally (Doc. 1-1). On January 24, 2020, Defendant Jason Huckabay removed the case to this Court. See generally (Doc. 1); see also Amended Notice of Removal with Joinder of Co-Defendant Stephen Tokarz (Doc. 14; Amended Notice), filed on February 10, 2020 (addressing the Court's concerns regarding subject matter jurisdiction).

On May 11, 2020, with leave of Court, HCI filed an amended complaint naming, for the first time, Ellit Groups, LLC as an additional Defendant. See generally First Amended Verified Complaint (Doc. 26). The following month, on June 26, 2020, again with leave of Court, HCI filed the second amended complaint, which is the operative pleading in this Action. See generally Second Amended Verified Complaint (Doc. 35; Complaint).

Defendants Stephen Tokarz and Jason Huckabay each answered the Complaint on July 16, 2020. See Defendant Stephen Tokarz's Answer and Affirmative Defenses to Plaintiff, The CJS Solutions Group, LLC, d/b/a The HCI Group's, Second Amended Verified Complaint (Doc. 36); Defendant Jason Huckabay's Answer and Affirmative Defenses to Plaintiff, The CJS Solutions Group, LLC, d/b/a The HCI Group's, Second Amended Verified Complaint (Doc. 37). That same day, Defendant Ellit filed a motion to dismiss the Complaint, seeking dismissal of HCI's claims against Ellit under Rule 12(b) for lack of personal jurisdiction. See generally Defendant Ellit Groups, LLC's Motion to Dismiss Second Amended Verified Complaint (Doc. 39; Motion to Dismiss).

On March 5, 2021, the Court granted the Motion to Dismiss in part and denied it in part. See generally Order (Doc. 106). The Court granted the Motion to Dismiss for lack of personal jurisdiction to the extent Ellit sought dismissal of HCI's claim that Ellit tortiously interfered with its business

relationships (Count V) and HCI's claim in Count VI that Ellit tortiously interfered with HCI's contractual agreements with Jason Huckabay. Id. at 40-42. The Court denied the Motion to Dismiss to the extent Ellit sought dismissal of HCI's remaining claim in Count VI—that Ellit tortiously interfered with HCI's agreements with Tokarz. Id. As to this latter claim, the Court found that Ellit did not make a compelling case that the Court's exercise of jurisdiction over it as to this particular claim would violate traditional notions of fair play and substantial justice. Id. Based on this Court's rulings in the Order on the Motion to Dismiss, HCI's remaining claims in this Action allege: (1) that Defendant Stephen Tokarz breached his contractual agreements with HCI (Counts I and III); (2) that Defendant Jason Huckabay breached his contractual agreements with HCI (Counts II and IV); and (3) that Ellit tortiously interfered with HCI's agreements with Tokarz (Count VI). See generally Complaint; Order (Doc. 106).

Following the entry of the Court's March 5, 2021 Order on the Motion to Dismiss, HCI filed the State Action against Ellit and Mary Elizabeth Huckabay[1]

---

[1] According to the State Action Complaint, Mary Elizabeth Huckabay is the wife of Jason Huckabay and an Ellit partner with an 18% ownership interest. See State Action Complaint ¶ 20. Mary Elizabeth Huckabay was previously a part owner of Expert Technical Advisors, LLC (ETA). Id. ¶ 10. When HCI purchased ETA pursuant to the Asset Purchase Agreement, Mary Elizabeth Huckabay agreed that she would not compete with HCI; however, her covenant not to compete expired prior to Ellit's formation. Id. ¶¶ 11-12, 19; see Complaint at 5 n.3.

in Harris County, Texas on April 27, 2021.  See generally Plaintiff's Original Petition (Doc. 123-1; State Action Complaint).   In the State Action, HCI asserts claims against Ellit and Mary Elizabeth Huckabay for: (1) trade secret misappropriation; (2) unfair competition by misappropriation; (3) conversion; (4) tortious interference with prospective business relations and contracts; (5) tortious interference with Jason Huckabay's employment contract; and (6) unjust enrichment.  Id.

## II.  Discussion

In the Motion for Abstention, Ellit urges the Court to abstain from exercising jurisdiction over HCI's remaining claim against Ellit pursuant to the Colorado River abstention doctrine, arguing that this Action and the State Action are parallel and that the Colorado River factors weigh in favor of abstention.  See generally Motion for Abstention.   HCI opposes the Motion for Abstention, asserting that Colorado River abstention is appropriate only in the most exceptional cases, that this Action and the State Action are not parallel, and that none of the Colorado River factors weigh in favor of abstention.  See generally Response.

### A. Applicable Law

The Colorado River abstention doctrine "addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a

parallel lawsuit is proceeding in one or more state courts," and refers to the Supreme Court's decision in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). See Ambrosia Coal & Constr. Co. v. Pagés Morales, 368 F.3d 1320, 1327 (11th Cir. 2004). "'Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction,' . . . [and] [f]ederal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" Ambrosia Coal, 368 F.3d at 1328 (quoting Colorado River, 424 U.S. at 817) (marks and citations omitted). As such, "federal courts can abstain to avoid duplicative litigation with state courts only in 'exceptional' circumstances." Id. (quoting Colorado River 424 U.S. at 818). This is based upon the need for "'(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Colorado River, 424 U.S. at 817 (citation omitted); see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15 (1983); Moorer v. Demopolis Waterworks and Sewer Bd., 374 F.3d 994, 997 (11th Cir. 2004).

As a threshold matter, the Colorado River analysis is applicable "when federal and state proceedings involve substantially the same parties and substantially the same issues." Ambrosia Coal, 368 F.3d at 1330. Notably, the Colorado River abstention doctrine does not require complete identity of the

issues, rather, substantial similarity will suffice. See id.; see also Day v. Union Mines Inc., 862 F.2d 652, 656 (7th Cir. 1988) (observing that the precise issue raised in federal court was not present in the state court action, but finding a stay was warranted because "we look not for formal symmetry between the two actions, but for a substantial likelihood that the state litigation will dispose of all claims presented in the federal case" (internal quotation omitted) (emphasis added)); Bankers Ins. Co. v. Countrywide Fin. Corp., No. 8:11-CV-01630-T-17, 2012 WL 2594341, at *7 (M.D. Fla. July 5, 2012).

Once the threshold of substantial similarity is met, the Eleventh Circuit has identified six factors "that must be weighed in analyzing the permissibility of [Colorado River] abstention." Ambrosia Coal, 368 F.3d at 1331. These six factors are:

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

Id.; see also Moses H. Cone, 460 U.S. at 15-16; Colorado River, 424 U.S. at 818-19; Transouth Fin. Corp. v. Bell, 149 F.3d 1292, 1294-95 (11th Cir. 1998); Am. Bankers Ins. Co. of Fla. v. First State Ins. Co., 891 F.2d 882, 884 (11th Cir. 1990). In addition, the Eleventh Circuit has noted two policy considerations that may influence whether a Colorado River abstention is appropriate:

(1) whether the litigation is "'vexatious or reactive in nature,'" Ambrosia Coal, 368 F.3d at 1331 (citing Moses H. Cone, 460 U.S. at 17 n.20), and (2) whether the concurrent cases involve a federal statute that evinces a policy favoring abstention.  Id. (citing Colorado River, 424 U.S. at 819).[2]  The Court must carefully balance the six factors to determine whether "exceptional circumstances" justifying a stay exist.  See Am. Bankers Ins. Co., 891 F.2d at 884.  "The weight to be given any one factor may vary greatly depending on the case; however, the balance is 'heavily weighted' in favor of the federal court exercising jurisdiction."  Id. (citing Moses H. Cone, 460 U.S. at 16).

**B. Analysis**

The Court must first determine whether this Action and the State Action are parallel within the meaning of the Colorado River doctrine.  The Eleventh Circuit has recognized that "[t]here is no clear test for deciding whether two cases contain substantially similar parties and issues."  Acosta v. James A. Gustino, P.A., 478 F. App'x 620, 622 (11th Cir. 2012).[3]  However, "the balance in these situations begins tilted heavily in favor of the exercise of the court's

---

[2]  Ellit did not address the policy considerations in its Motion for Abstention. See generally Motion for Abstention.

[3]  "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

jurisdiction. Thus, if there is any substantial doubt about whether two cases are parallel the court should not abstain." Acosta, 478 F. App'x at 622; see also NCH Healthcare Sys., Inc. v. PaxeraHealth Corp., No. 2:19-cv-632-FtM-38MRM, 2019 WL 6877180, at *2 (M.D. Fla. Dec. 17, 2019). Indeed, "'the decision to invoke Colorado River necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case.'" Acosta, 478 F. App'x at 622 (quoting Moses H. Cone, 460 U.S. at 28); see NCH Healthcare, 2019 WL 6877180, at *2.

Although this Action and the State Action both involve HCI and Ellit, the Court is of the view that abstention is not warranted. While both actions stem from the contractual agreements HCI entered into with Tokarz and Huckabay, Ellit's formation, its competition with HCI, and the actions of Ellit's members, the claims asserted against Ellit in the two actions are distinct. In this Action, the only remaining claim against Ellit relates to Ellit's interference with HCI's contractual agreements with Tokarz. The issues in the State Action, in contrast, relate to Ellit's alleged trade secret misappropriation, unfair competition by misappropriation, conversion, tortious interference with prospective business relations and contracts, tortious interference with Jason Huckabay's employment contract, and unjust enrichment. Resolution of the State Action will not resolve the breach of contract claims brought by HCI

against Tokarz and Huckabay, nor is it evident that the State Action would resolve HCI's claim that Ellit tortiously interfered with HCI's agreements with Tokarz. As it is not clear that the Court would have "nothing further to do in resolving any substantive part of the case" if the State Action were resolved, there is, at a minimum, substantial doubt as to whether this Action and the state action are parallel. Acosta, 478 F. App'x at 622 (citing Moses H. Cone, 460 U.S. at 28); see NCH Healthcare, 2019 WL 6877180, at *2. Accordingly, the Court should continue to exercise jurisdiction over HCI's remaining claim against Ellit in this Action.

Even if this Action and the State Action were parallel, the Colorado River factors weigh against abstention. In its Motion for Abstention, Ellit argues that the third factor, which considers the potential for piecemeal litigation, weighs significantly in favor of abstention. See Motion for Abstention at 10-11. "'Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.'" See Hendricks v. Mortg. Elec. Registration Sys., Inc. (MERS), No. 8:12-CV-2801-T-30TGW, 2013 WL 1279035, at *4 (M.D. Fla. Mar. 28, 2013) (quoting R.R. St. & Co. v. Transp. Ins. Co., 656 F.3d 966, 979 (9th Cir. 2011)). "This factor, however, does not favor abstention whenever there is a parallel state case 'involving substantially the same parties and substantially the same issues.'" Barone v. Wells Fargo Bank, N.A., 709 F. App'x 943, 950 (11th Cir.

2017) (quoting Jackson-Platts v. Gen. Elec. Capital Corp., 727 F.3d 1127, 1140, 1142 (11th Cir. 2013)).  Instead, it must be likely that the dual actions will "lead to piecemeal litigation that is abnormally excessive or deleterious." Ambrosia Coal, 368 F.3d at 1333; see Barone, 709 F. App'x at 950.

As noted above, HCI's remaining claim against Ellit in this Action is distinct from the claims HCI asserts in the State Action.  While the dual proceedings may cause some duplication of effort given the overlapping factual underpinnings of the claims, there is no reason to think that the result will be abnormally excessive or deleterious.  Accordingly, the third factor does not weigh in favor of abstention.

Regarding the fifth factor, state law applies to HCI's remaining claim against Ellit in this Action.  However, "this factor favors abstention only where the applicable state law is particularly complex or best left for state courts to resolve."  Jackson-Platts, 727 F.3d at 1143.  Given that the state law claim asserted in this Action is not "particularly complex," this factor does not support abstention.  Id.; see Am. Bankers Ins. Co. of Fla. v. First State Ins. Co., 891 F.2d 882, 886 (11th Cir. 1990) ("Only in rare circumstances will the presence of a state law issue weigh in favor of dismissal." (marks and citation omitted)).

The first, second, and sixth factors are neutral.  As to the first factor, there is no in rem property at issue here. See Jackson-Platts, 727 F.3d at 1141.  The second factor, which considers the inconvenience of the federal forum, "cuts

- 11 -

both ways" because it is as inconvenient for HCI to litigate in Texas as it is for Ellit to litigate in Florida. See NCH Healthcare, 2019 WL 6877180, at *2. With respect to the sixth factor, there is no suggestion that either this Court or the state court cannot adequately protect the parties' rights, rendering this factor neutral. See J.M. Field Marketing, Inc. v. Propago, LLC, No. 19-62063-CIV-SINGHAL, 2020 WL 716894, at *5 (S.D. Fla. Feb. 12, 2020); see also Jackson-Platts, 727 F.3d at 1143 ("[T]he fact that both forums are adequate to protect the parties' rights merely renders this factor neutral." (internal quote omitted)).

Lastly, the fourth factor weighs against abstention. As explained in Ambrosia Coal, "despite somewhat misleading phrasing in Colorado River, [the fourth] factor 'should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" See Ambrosia Coal, 368 F.3d at 1333 (quoting Moses H. Cone, 460 U.S. at 21). Moreover, "[t]his factor, as with the other Colorado River factors, is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." See Moses H. Cone, 460 U.S. at 21. This Action was initiated on December 19, 2019, removed to this Court on January 24, 2020, and Ellit was first added as a defendant on May 11, 2020. In comparison, the State Action was filed on April 27, 2021, more than one year after Ellit was added as a defendant in this Action. The Court's docket in this Action reflects that the

parties have engaged in substantial discovery, retained experts, and filed dispositive motions. Considering the progress made in this Action, including the fact that this Action is set for trial in less than three months, the fourth factor weighs substantially against abstention.

## III. Conclusion

For the foregoing reasons, the Court determines that abstention is not warranted in this case. As such, Ellit's Motion for Abstention is due to be denied.

Accordingly, it is **ORDERED:**

1. Defendant Ellit Groups, LLC's Motion for Judicial Notice and Supporting Memorandum of Law (Doc. 124) is **GRANTED**.

2. Defendant Ellit Groups, LLC's Motion for Abstention and Supporting Memorandum of Law (Doc. 123) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida this 9th day of December, 2021.

MARCIA MORALES HOWARD
United States District Judge

Copies to:
Counsel of Record